**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION<br><br>MYKEY TECHNOLOGY, INC.,<br>        Plaintiffs,<br>    v.<br>INTELLIGENT COMPUTER SOLUTIONS, INC., <u>et</u> <u>al.</u>,<br>        Defendants. | No. CV 13-2476-GAF (PLAx)<br><br>**MEMORANDUM AND ORDER RE: PARTIES' PROPOSED PROTECTIVE ORDER** |

The Court has received and considered the proposed Protective Order submitted by plaintiff MyKey Technology, Inc. and defendants Guidance Software, Inc. and Guidance-Tableau, LLC (docket no. 26) ("Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by these parties for the followings reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (for example, "blueprints," "customer lists," or "market surveys," <u>etc.</u>). It is not sufficient to use only conclusory terms such as "confidential, proprietary, or private information." (<u>See</u> page 2, at ¶ 1). Further, in proposing or agreeing to the protection of "trade

secrets," if any, the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

Second, in the event of any dispute regarding the disclosure of confidential information, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. (See, e.g., pages 13-15, at ¶ 7.4). If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

Finally, the Court may only enter a protective order upon a showing of good cause. Phillips v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause" for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D.Wis. 1999) (even stipulated protective orders require good cause showing). The parties' stipulation fails to include sufficient statements to demonstrate good cause for issuing the protective order. In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The paragraph containing the statement of good cause should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

DATED: December 23, 2013

*/s/ Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE