NOTE: CHANGES MADE BY THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBERT E. FREITAS (SBN 80948)
    rfreitas@ftklaw.com
JESSICA N. LEAL (SBN 267232)
    jleal@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.


ALEJANDRO MENCHACA (*pro hac vice*)
    amenchaca@mcandrews-ip.com
McANDREWS, HELD & MALLOY LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
Telephone: (312) 775-8000
Facsimile: (312) 775-8100

Attorneys for Defendant
Digital Intelligence, Inc.


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION<br><br>MyKey Technology, Inc.<br><br>v.<br><br>Intelligent Computer Solutions, Inc. | 2:13-ml-02461-GAF (PLAx)<br><br>MDL NO. 2461<br><br>This Document Relates to:<br><br>MyKey Technology, Inc., v. Data Protection Solutions by Arco, et al. Case No. 2:13-CV-2476-GAF (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER** |

1    Plaintiff MyKey Technology, Inc. and defendant Digital Intelligence, Inc.,
2    through their respective counsel, hereby stipulate to and petition the Court to enter
3    the following Stipulated Protective Order.  The parties acknowledge and understand
4    that this Order does not confer blanket protection on all disclosures or responses to
5    discovery, the protection it affords from public disclosure and use extends only to
6    the limited information or items that are entitled to confidential treatment under the
7    applicable legal principles, and it does not presumptively entitle parties to file
8    confidential information under seal.

9    Nevertheless, the parties agree that good cause exists for this Order and that
10   such an order is in the best interest of both parties.

11   1.    ORDER AND STATEMENT OF GOOD CAUSE

12   Disclosure and discovery activity in this action are likely to involve
13   production of highly sensitive financial or business information or proprietary
14   information that derives independent economic value, actual or potential, from not
15   being generally known to the public or to other persons who can obtain economic
16   value from its disclosure or use; and is the subject of efforts that are reasonable
17   under the circumstances to maintain its secrecy, and for which special protection
18   from public disclosure and from use for any purpose other than prosecuting this
19   litigation would be warranted.  Such information likely will include, among other
20   things, sensitive product information, product design and development materials,
21   engineering materials, marketing and sales information, purchase orders, invoices,
22   distributor information, and customer information relating to write blocking
23   devices, duplicator devices, and data removal devices.  Accordingly, the parties
24   hereby stipulate to and petition the court to enter the following Stipulated Protective
25   Order. The parties acknowledge that this Order does not confer blanket protections
26   on all disclosures or responses to discovery and that the protection it affords from
27   public disclosure and use extends only to the limited information or items that are
28   entitled to confidential treatment under the applicable legal principles. The parties

1  further acknowledge, as set forth in Section 14.4 below, that this Stipulated

2  Protective Order does not entitle them to file confidential information under seal;

3  L.R. 79-5 sets forth the procedures that must be followed and the standards that will

4  be applied when a party seeks permission from the court to file material under seal.

5       Good cause exists to enter the instant Stipulated Protective Order to protect

6  such confidential information from public disclosure.  The confidential information

7  includes information that could be used by actual or potential competitors to gain a

8  competitive advantage in the marketplace.

9       Accordingly, based upon the agreement of the parties and for good cause

10  shown, IT IS HEREBY ORDERED that whenever, in the course of these

11  proceedings, any Party or Non-Party has occasion to disclose information deemed

12  in good faith to constitute confidential information, the parties and any such non-

13  party shall employ the following procedures:

14  2.  <u>DEFINITIONS</u>

15       2.1  <u>Challenging Party</u>: a Party or Non-Party that challenges the

16  designation of information or items under this Order.

17       2.2  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of

18  how it is generated, stored or maintained) or tangible things that qualify for

19  protection under Federal Rule of Civil Procedure 26(c).

20       2.3  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House

21  Counsel (as well as their support staff).

22       2.4  <u>Designated House Counsel</u>: House Counsel who seek access to

23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this

24  matter.

25       2.5  <u>Designating Party</u>: a Party or Non-Party that designates information or

26  items that it produces in disclosures or in responses to discovery as

27  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28  ONLY," "<u>CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO</u>

PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The labels "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" and "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall be viewed to be synonymous and as defined according to the limitation set forth above.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside

counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   Trade Secret: Pursuant to California Civil Code section 3426.1 (d): "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain

1   its secrecy.

2   3.   <u>SCOPE</u>

3   The protections conferred by this Stipulation and Order cover not only

4   Protected Material (as defined above), but also (1) any information copied or

5   extracted from Protected Material; (2) all copies, excerpts, summaries, or

6   compilations of Protected Material; and (3) any testimony, conversations, or

7   presentations by parties or their Counsel that might reveal Protected Material.

8   However, the protections conferred by this Stipulation and Order do not cover the

9   following information: (a) any information that is in the public domain at the time

10   of disclosure to a Receiving Party or becomes part of the public domain after its

11   disclosure to a Receiving Party as a result of publication not involving a violation

12   of this Order, including becoming part of the public record through trial or

13   otherwise; and (b) any information known to the Receiving Party prior to the

14   disclosure or obtained by the Receiving Party after the disclosure from a source

15   who obtained the information lawfully and under no obligation of confidentiality to

16   the Designating Party. Any use of Protected Material at trial shall be governed by a

17   separate agreement or order.

18   4.   <u>DURATION</u>

19   Even after final disposition of this litigation, the confidentiality obligations

20   imposed by this Order shall remain in effect until a Designating Party agrees

21   otherwise in writing or a court order otherwise directs. Final disposition shall be

22   deemed to be the later of (1) dismissal of all claims and defenses in this action, with

23   or without prejudice; and (2) final judgment herein after the completion and

24   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

25   including the time limits for filing any motions or applications for extension of time

26   pursuant to applicable law.

27   5.   <u>DESIGNATING PROTECTED MATERIAL</u>

28   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

1   Each Party or Non-Party that designates information or items for protection under

2   this Order must take care to limit any such designation to specific material that

3   qualifies under the appropriate standards. To the extent it is practical to do so, the

4   Designating Party must designate for protection only those parts of material,

5   documents, items, or oral or written communications that qualify – so that other

6   portions of the material, documents, items, or communications for which protection

7   is not warranted are not swept unjustifiably within the ambit of this Order.

8        Mass, indiscriminate, or routinized designations are prohibited. Designations

9   that are shown to be clearly unjustified or that have been made for an improper

10  purpose (e.g., to unnecessarily encumber or retard the case development process or

11  to impose unnecessary expenses and burdens on other parties) expose the

12  Designating Party to sanctions.

13       If it comes to a Designating Party's attention that information or items that it

14  designated for protection do not qualify for protection at all or do not qualify for the

15  level of protection initially asserted, that Designating Party must promptly notify all

16  other parties that it is withdrawing the mistaken designation.

17       5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in

18  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

19  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

20  under this Order must be clearly so designated before the material is disclosed or

21  produced.

22       Designation in conformity with this Order requires:

23       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,

24  but excluding transcripts of depositions or other pretrial or trial proceedings), that

25  the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

27  BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or

28  "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which

protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time within the discovery period established by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that

1  the confidentiality designation was not proper and must give the Designating Party

2  an opportunity to review the designated material, to reconsider the circumstances,

3  and, if no change in designation is offered, to explain the basis for the chosen

4  designation. A Challenging Party may proceed to the next stage of the challenge

5  process only if it has engaged in this meet and confer process first or establishes

6  that the Designating Party is unwilling to participate in the meet and confer process

7  in a timely manner.

8      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge

9  regarding the designation or disclosure of confidential information, the procedure

10  for obtaining a decision from the Court is that set forth in Local Rule 37.  If the

11  parties want to file the Joint Stipulation required by Local Rule 37 under seal, the

12  parties may file a stipulation to that effect or the moving party may file an ex parte

13  application making the appropriate request.  The parties must set forth good cause

14  in the stipulation or ex parte application as to why the Joint Stipulation or portions

15  thereof should be filed under seal.

16  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

17      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

18  disclosed or produced by another Party or by a Non-Party in connection with this

19  case only for prosecuting, defending, or attempting to settle this litigation. Such

20  Protected Material may be disclosed only to the categories of persons and under the

21  conditions described in this Order. When the litigation has been terminated, a

22  Receiving Party must comply with the provisions of section 15 below (FINAL

23  DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a

25  location and in a secure manner that ensures that access is limited to the persons

26  authorized under this Order.

27      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

28  otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO
PROTECTIVE ORDER," and "HIGHLY CONFIDENTIAL – SOURCE CODE"
Information or Items. Unless otherwise ordered by the court or permitted in writing
by the Designating Party, a Receiving Party may disclose any information or item
designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
"CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE
ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as
employees of said Outside Counsel of Record to whom it is reasonably necessary to
disclose the information for this litigation and who have signed the
"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
A;

(b) Designated House Counsel of the Receiving Party (1) who has no
involvement in competitive decision-making, (2) to whom disclosure is reasonably
necessary for this litigation, (3) who has signed the "Acknowledgment and
Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth
in paragraph 7.4(a)(1), below, have been followed;[1]

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably
necessary for this litigation, (2) who have signed the "Acknowledgment and
Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth
in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and
Professional Vendors to whom disclosure is reasonably necessary for this litigation
and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

---

[1] This Order contemplates that Designated House Counsel shall not have
access to any information or items designated "HIGHLY CONFIDENTIAL –
SOURCE CODE."

1  A); and

2       (f) the author or recipient of a document containing the information or a

3  custodian or other person who otherwise possessed or knew the information.

4       7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

6  BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or

7  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to

8  Designated House Counsel or Experts.

9       (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

10  Designating Party, a Party that seeks to disclose to Designated House Counsel any

11  information or item that has been designated "HIGHLY CONFIDENTIAL –

12  ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS

13  INFORMATION SUBJECT TO PROTECTIVE ORDER" pursuant to paragraph

14  7.3(b) first must make a written request to the Designating Party that (1) sets forth

15  the full name of the Designated House Counsel and the city and state of his or her

16  residence and (2) describes the Designated House Counsel's current and reasonably

17  foreseeable future primary job duties and responsibilities in sufficient detail to

18  determine if House Counsel is involved, or may become involved, in any

19  competitive decision-making.

20       (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

21  Designating Party, a Party that seeks to disclose to an Expert (as defined in this

22  Order) any information or item that has been designated "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

24  BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or

25  "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first

26  must make a written request to the Designating Party that (1) identifies the general

27  categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

28  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE

ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party pursuant to L.R. 37-1 to try to resolve the matter by agreement within ten days of receiving the written objection.  If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may prepare a joint stipulation and notice of motion as provided in L.R. 37-2 (and in compliance with L.R. 79-5, if applicable) ~~or file an ex parte application as provided in L.R. 7-19~~ seeking permission from the court to do so.  Any such

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1  joint stipulation ~~or ex parte application~~, in addition to the requirements of L.R. 37-2

2  ~~and L.R. 7-19 respectively~~, must describe the circumstances with specificity, set

3  forth in detail the reasons why disclosure to Designated House Counsel or the

4  Expert is reasonably necessary, assess the risk of harm that the disclosure would

5  entail, and suggest any additional means that could be used to reduce that risk. In

6  addition, any such joint stipulation or ex parte application must be accompanied by

7  a competent declaration describing the parties' efforts to resolve the matter by

8  agreement (i.e., the extent and the content of the meet and confer discussions) and

9  setting forth the reasons advanced by the Designating Party for its refusal to

10  approve the disclosure.  If filing under seal, the parties must set forth good cause in

11  the joint stipulation or ex parte application as to why the joint stipulation ~~or ex parte~~

12  ~~application~~ or portions thereof should be filed under seal.

13       In any such proceeding, the Party opposing disclosure to Designated House

14  Counsel or the Expert shall bear the burden of proving that the risk of harm that the

15  disclosure would entail (under the safeguards proposed) outweighs the Receiving

16  Party's need to disclose the Protected Material to its Designated House Counsel or

17  Expert.

18  8.    [INTENTIONALLY OMITTED]

19  9.    SOURCE CODE

20       (a)    To the extent production of source code becomes necessary in this

21  case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL

22  – SOURCE CODE" if it comprises or includes confidential, proprietary or trade

23  secret source code.

24       (b)    Protected Material designated as "HIGHLY CONFIDENTIAL –

25  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be

27  disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

28  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in

1   the paper copies into any electronic format. The Receiving Party shall only make

2   additional paper copies if such additional copies are (1) necessary to prepare court

3   filings, pleadings, or other papers (including a testifying expert's expert report), (2)

4   necessary for deposition, or (3) otherwise necessary for the preparation of its case.

5   Any paper copies used during a deposition shall be retrieved by the Producing Party

6   at the end of each day and must not be given to or left with a court reporter or any

7   other unauthorized individual.

8   10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

9   IN OTHER LITIGATION

10   If a Party is served with a subpoena or a court order issued in other litigation

11   that compels disclosure of any information or items designated in this action as

12   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO

14   PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE,"

15   that Party must:

16   (a) promptly notify in writing the Designating Party. Such notification shall

17   include a copy of the subpoena or court order;

18   (b) promptly notify in writing the party who caused the subpoena or order to

19   issue in the other litigation that some or all of the material covered by the subpoena

20   or order is subject to this Protective Order. Such notification shall include a copy of

21   this Stipulated Protective Order; and

22   (c) cooperate with respect to all reasonable procedures sought to be pursued

23   by the Designating Party whose Protected Material may be affected.[3]

24   If the Designating Party timely seeks a protective order, the Party served with

25   the subpoena or court order shall not produce any information designated in this

26   _____

[3] The purpose of imposing these duties is to alert the interested parties to the
27   existence of this Protective Order and to afford the Designating Party in this case an
opportunity to try to protect its confidentiality interests in the court from which the
28   subpoena or order issued.

1   action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

2   EYES ONLY," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO

3   PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – SOURCE CODE"

4   before a determination by the court from which the subpoena or order issued, unless

5   the Party has obtained the Designating Party's permission. The Designating Party

6   shall bear the burden and expense of seeking protection in that court of its

7   confidential material – and nothing in these provisions should be construed as

8   authorizing or encouraging a Receiving Party in this action to disobey a lawful

9   directive from another court.

10   11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

11   PRODUCED IN THIS LITIGATION

12        (a)    The terms of this Order are applicable to information produced by a

13   Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

15   CONFIDENTIAL – SOURCE CODE." Such information produced by the Non-

16   Party in connection with this litigation is protected by the remedies and relief

17   provided by this Order. Nothing in these provisions should be construed as

18   prohibiting a Non-Party from seeking additional protections.

19        (b)    In the event that a Party is required, by a valid discovery request, to

20   produce a Non-Party's confidential information in its possession, and the Party is

21   subject to an agreement with the Non-Party not to produce the Non-Party's

22   confidential information, then the Party shall:

23        1.    promptly notify in writing the Requesting Party and the Non-Party that

24   some or all of the information requested is subject to a confidentiality agreement

25   with a Non-Party;

26        2.    promptly provide the Non-Party with a copy of the Stipulated

27   Protective Order in this litigation, the relevant discovery request(s), and a

28   reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

2  whatever procedure may be established in an e-discovery order that provides for

3  production without prior privilege review. Pursuant to Federal Rule of Evidence

4  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

5  of a communication or information covered by the attorney-client privilege or work

6  product protection, the parties may incorporate their agreement in the stipulated

7  protective order submitted to the court.

8  14.   MISCELLANEOUS

9      14.1   Right to Further Relief. Nothing in this Order abridges the right of any

10  person to seek its modification by the court in the future.

11      14.2   Right to Assert Other Objections. By stipulating to the entry of this

12  Protective Order no Party waives any right it otherwise would have to object to

13  disclosing or producing any information or item on any ground not addressed in

14  this Stipulated Protective Order. Similarly, no Party waives any right to object on

15  any ground to use in evidence of any of the material covered by this Protective

16  Order.

17      14.3   Export Control. Disclosure of Protected Material shall be subject to all

18  applicable laws and regulations relating to the export of technical data contained in

19  such Protected Material, including the release of such technical data to foreign

20  persons or nationals in the United States or elsewhere. The Producing Party shall be

21  responsible for identifying any such controlled technical data, and the Receiving

22  Party shall take measures necessary to ensure compliance.

23      14.4   Filing Protected Material. Without written permission from the

24  Designating Party or a court order secured after appropriate notice to all interested

25  persons, a Party may not file in the public record in this action any Protected

26  Material. A Party that seeks to file under seal any Protected Material must comply

27  with L.R. 79-5.  If Protected Material is included in any papers to be filed in Court,

28  such papers shall be accompanied by an application to file the papers – or the

1  confidential portion thereof – under seal; the application must show good cause for

2  the under seal filing. The application shall be directed to the judge to whom the

3  papers are directed.  Pending the ruling on the application, the papers or portions

4  thereof subject to the sealing application shall be lodged under seal.  If a Receiving

5  Party's request to file Protected Material under seal pursuant to L.R. 79-5 is denied

6  by the court, then the Receiving Party may file the Protected Material in the public

7  record unless otherwise instructed by the court.

8         15.   TRIAL

9         Once a case proceeds to trial, all the information that was designated as

10  confidential and/or kept and maintained pursuant to the terms of a protective order

11  becomes public and will be presumptively available to all members of the public,

12  including the press, unless good cause is shown to the district judge in advance of

13  trial to proceed otherwise.

14  16.   FINAL DISPOSITION

15         Within 60 days after the final disposition of this action, as defined in

16  paragraph 4, each Receiving Party must return all Protected Material to the

17  Producing Party or destroy such material. As used in this subdivision, "all Protected

18  Material" includes all copies, abstracts, compilations, summaries, and any other

19  format reproducing or capturing any of the Protected Material. Whether the

20  Protected Material is returned or destroyed, the Receiving Party must submit a

21  written certification to the Producing Party (and, if not the same person or entity, to

22  the Designating Party) by the 60 day deadline that (1) identifies (by category, where

23  appropriate) all the Protected Material that was returned or destroyed and (2)

24  affirms that the Receiving Party has not retained any copies, abstracts,

25  compilations, summaries or any other format reproducing or capturing any of the

26  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

27  archival copy of all pleadings, motion papers, trial, deposition, and hearing

28  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

[IT IS SO ORDERED.]

DATED:   April 10, 2014

_____
Paul L. Abrams
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *MyKey Technology, Inc., v. Intelligent Computer Solutions, Inc., et al*. Case No. 2:13-ml-02461-GAF (PLAx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
          [signature]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 9, 2014                    By: */s/ Jessica N. Leal*

                                        ROBERT E. FREITAS
                                        JESSICA N. LEAL
                                        FREITAS TSENG & KAUFMAN LLP
                                        100 Marine Parkway, Suite 200
                                        Redwood City, CA 94065
                                        Telephone: (650) 593-6300
                                        Fax: (650) 593-6301
                                        Email:  rfreitas@ftklaw.com
                                        Email:  jleal@ftklaw.com

                                        Attorneys for Plaintiff
                                        *MyKey Technology, Inc.*

Dated: April 9, 2014                    By: */s/ Alejandro Menchaca*

                                        Perry M. Goldberg (SBN 168976)
                                        Jenny Nugent (SBN 237669)
                                        GOLDBERG, LOWENSTEIN &
                                        WEATHERWAX LLP
                                        11400 W. Olympic Blvd., Suite 400
                                        Los Angeles, CA 90064
                                        Telephone: (310) 203-9222
                                        Facsimile: (310) 388-0652
                                        Email: Goldberg@glwllp.com
                                        Email: Nugent@glwllp.com

                                        Alejandro Menchaca
                                        MCANDREWS, HELD & MALLOY, LTD.
                                        500 W. Madison Street, 34th Floor
                                        Chicago, IL 60661
                                        Telephone: (312) 775-8000
                                        Facsimile: (312) 775-8100
                                        Email: Amenchaca@mcandrews-ip.com

                                        Attorneys for Defendant
                                        *Digital Intelligence, Inc.*

**ATTESTATION**

I, Jessica N. Leal, am the ECF User whose ID and password are being used to file this **STIPULATED PROTECTIVE ORDER**.  I attest that, pursuant to United States District Court, Central District of California Civil L.R. 5-4.3.4, concurrence in the filing of this document has been obtained from Counsel for Digital Intelligence, Inc.  I declare under penalty of perjury that the foregoing is true and correct.

                    */s/ Jessica N. Leal*
                    Jessica N. Leal